IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MARTHA AXLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 3:12-cv-00951 |
| v. ) | Judge Campbell |
| ) | Magistrate Judge Knowles |
| GALLATIN HEALTH CARE CENTER, LLC, ) | Jury Demand |
| ) | |
| Defendant. ) | |

## ANSWER TO AMENDED COMPLAINT

Defendant Gallatin Health Care Center, LLC submits its Answer to Plaintiff's Amended Complaint in this action and states as follows:

1. Answering Paragraph 1 of the Amended Complaint, Defendant avers that it is without knowledge or information sufficient to form a belief as to where Plaintiff currently resides, and Defendant denies the allegations in this paragraph on that basis.

2. Answering Paragraph 2 of the Amended Complaint, Defendant admits that its proper legal name is "Gallatin Health Care Center, LLC," and that it is a Tennessee limited liability company that is authorized to do business in the state of Tennessee, but Defendant denies that any unlawful conduct occurred, and Defendant denies the remaining allegations in this paragraph.

3. Answering Paragraph 3 of the Amended Complaint, Defendant admits that this Court has jurisdiction over the causes of action asserted by Plaintiff in the Amended Complaint and that venue is proper in this Court.

4. Defendant admits the allegations in Paragraph 4 of the Amended Complaint.

5. Defendant denies the allegations in Paragraph 5 of the Amended Complaint.

1

6. Defendant denies the allegations in Paragraph 6 of the Amended Complaint.

7. Answering Paragraph 7 of the Amended Complaint, Defendant admits that it hired Plaintiff on November 13, 2008, as a nursing assistant, and Defendant denies the remaining allegations in this paragraph.

8. Answering Paragraph 8 of the Amended Complaint, Defendant avers that it is without knowledge or information sufficient to form a belief as to where Plaintiff was born, but Defendant admits the remaining allegations in this paragraph on information and belief.

9. Defendant denies the allegations in Paragraph 9 of the Amended Complaint.

10. Defendant denies the allegations in Paragraph 10 of the Amended Complaint.

11. Defendant denies the allegations in Paragraph 11 of the Amended Complaint.

12. Defendant denies the allegations in Paragraph 12 of the Amended Complaint.

13. Defendant denies the allegations in Paragraph 13 of the Amended Complaint.

14. Defendant denies the allegations in Paragraph 14 of the Amended Complaint.

15. Defendant denies the allegations in Paragraph 15 of the Amended Complaint.

16. Defendant denies the allegations in Paragraph 16 of the Amended Complaint.

17. Answering Paragraph 17 of the Amended Complaint, Defendant admits that it terminated Plaintiff's employment on May 9, 2011, for stealing another employee's coat, but Defendant denies the remaining allegations in this paragraph.

18. Defendant denies the allegations in Paragraph 18 of the Amended Complaint.

19. Answering Paragraph 19 of the Amended Complaint, Defendant avers that Plaintiff initially lied about the coat when Defendant's agents questioned her about it, and Defendant further avers that Plaintiff did not return the stolen coat until later, when Defendant's

N LE 896064 v3
2903015-000004  12/11/2012

agents spotted it in Plaintiff's car and confronted her about it, and Defendants deny the remaining allegations in this paragraph as pleaded.

20. Defendant denies the allegations in Paragraph 20 of the Amended Complaint.

21. Answering Paragraph 21 of the Amended Complaint, Defendant admits that it terminated Plaintiff's employment on May 9, 2011, for stealing another employee's coat, and Defendant admits that its Administrator, Sonya Kemp, called the police for assistance after Plaintiff initially refused to leave Defendant's premises following the termination of her employment, but Defendant denies the remaining allegations in this paragraph.

22. Defendant denies the allegations in Paragraph 22 of the Amended Complaint.

23. Answering Paragraph 23 of the Amended Complaint, Defendant admits that Plaintiff received a written disciplinary warning dated January 22, 2009, but Defendant avers that this document speaks for itself, and Defendant denies the remaining allegations in this paragraph.

24. Defendant denies the allegations in Paragraph 24 of the Amended Complaint as pleaded.

25. Answering Paragraph 25 of the Amended Complaint, Defendant admits that Plaintiff received a written disciplinary warning dated May 5, 2011, but Defendant avers that this document speaks for itself, and Defendant denies the remaining allegations in this paragraph.

26. Answering Paragraph 26 of the Amended Complaint, Defendant admits that it terminated Plaintiff's employment on May 9, 2011, for stealing another employee's coat, but Defendant denies the remaining allegations in this paragraph.

27. Defendant admits the allegations in Paragraph 27 of the Amended Complaint.

28. Defendant denies the allegations in Paragraph 28 of the Amended Complaint.

29. Answering Paragraph 29 of the Amended Complaint, Defendant admits that Plaintiff has been issued a Dismissal and Notice of Rights letter by the EEOC, but Defendant avers that the remainder of this paragraph is a conclusory legal statement to which no response is required, and Defendant denies the remaining allegations in this paragraph on that basis.

## ANSWER TO COUNT I

30. Answering Paragraph 30 of the Amended Complaint, Defendant admits that Plaintiff is Hispanic, but Defendant is without sufficient knowledge to form a belief regarding whether Plaintiff was born in Nicaragua, and Defendant denies the remaining allegations in this paragraph on that basis.

31. Defendant denies the allegations in Paragraph 31 of the Amended Complaint.

32. Defendant denies the allegations in Paragraph 32 of the Amended Complaint.

33. Defendant denies the allegations in Paragraph 33 of the Amended Complaint.

34. Defendant denies the allegations in Paragraph 34 of the Amended Complaint.

35. Defendant denies the allegations in Paragraph 35 of the Amended Complaint.

36. Defendant denies the allegations in Paragraph 36 of the Amended Complaint.

37. Defendant denies the allegations in Paragraph 37 of the Amended Complaint.

38. Defendant denies the allegations in Paragraph 38 of the Amended Complaint.

39. Defendant denies the allegations in Paragraph 39 of the Amended Complaint.

40. Defendant denies the allegations in Paragraph 40 of the Amended Complaint.

41. Defendant denies the allegations in Paragraph 41 of the Amended Complaint.

42. Defendant denies the allegations in Paragraph 42 of the Amended Complaint.

43. Defendant denies the allegations in Paragraph 43 of the Amended Complaint.

44. Defendant denies the allegations in Paragraph 44 of the Amended Complaint.

## ANSWER TO COUNT II

45. Answering Paragraph 45 of the Amended Complaint, Defendant incorporates its answers to paragraphs 1 through 44 of its Amended Answer as if set forth fully herein, but Defendant denies the remaining allegations in this paragraph.

46. Answering Paragraph 46 of the Amended Complaint, Defendant admits that it terminated Plaintiff's employment on May 9, 2011, for stealing another employee's coat, but Defendant denies the remaining allegations in this paragraph.

47. Answering Paragraph 47 of the Amended Complaint, Defendant admits that it terminated Plaintiff's employment on May 9, 2011, for stealing another employee's coat, but Defendant denies the remaining allegations in this paragraph as pleaded.

48. Answering Paragraph 48 of the Amended Complaint, Defendant avers that the first sentence of this paragraph is a conclusory legal statement to which no response is required, and Defendant further avers that the second sentence of this paragraph is an incomplete sentence that contains no allegations, and Defendant denies the allegations in this paragraph on that basis.

49. Defendant denies the allegations in Paragraph 49 of the Amended Complaint.

## ANSWER TO COUNT III

50. Answering Paragraph 50 of the Amended Complaint, Defendant incorporates its answers to paragraphs 1 through 49 of its Amended Answer as if set forth fully herein.

51. Answering Paragraph 51 of the Amended Complaint, Defendant avers that this paragraph is a conclusory legal statement to which no response is required, and Defendant denies the allegations in this paragraph on that basis.

52. Answering Paragraph 52 of the Amended Complaint, Defendant avers that this paragraph is a conclusory legal statement to which no response is required, and Defendant denies the allegations in this paragraph on that basis.

53. Defendant denies the allegations in Paragraph 53 of the Amended Complaint.

54. Defendant denies the allegations in Paragraph 54 of the Amended Complaint.

55. Defendant denies the allegations in Paragraph 55 of the Amended Complaint.

56. Defendant denies the allegations in Paragraph 56 of the Amended Complaint.

57. Defendant denies the allegations in Paragraph 57 of the Amended Complaint.

58. Defendant denies the allegations in Paragraph 58 of the Amended Complaint.

59. Defendant denies the allegations in Paragraph 59 of the Amended Complaint.

60. Defendant denies the allegations in Paragraph 60 of the Amended Complaint.

61. Defendant denies the allegations in Paragraph 61 of the Amended Complaint.

## ANSWER TO COUNT IV

62. Answering Paragraph 62 of the Amended Complaint, Defendant incorporates its answers to paragraphs 1 through 61 of its Amended Answer as if set forth fully herein, but Defendant denies the remaining allegations in this paragraph.

63. Defendant denies the allegations in Paragraph 63 of the Amended Complaint.

64. Defendant denies the allegations in Paragraph 64 of the Amended Complaint.

65. Defendant denies the allegations in Paragraph 65 of the Amended Complaint.

66. Defendant denies the allegations in Paragraph 66 of the Amended Complaint.

## ANSWER TO PORTION OF AMENDED COMPLAINT LABELED "APPLICABLE TO ALL COUNTS"

67. Defendant denies the allegations in Paragraph 67 of the Amended Complaint.

68. Defendant denies the allegations in Paragraph 68 of the Amended Complaint.

69. Defendant denies the allegations in Paragraph 69 of the Amended Complaint.

70. Defendant denies the allegations in Paragraph 70 of the Amended Complaint.

71. Defendant denies the allegations in Paragraph 71 of the Amended Complaint.

72. Answering Paragraph 72 of the Amended Complaint, Defendant denies the allegations in the first sentence of this paragraph, and Defendant avers that the second sentence of this paragraph is a conclusory legal statement to which no response is required.

73. Answering the prayer for relief that follows Paragraph 72 of the Amended Complaint, Defendant denies that Plaintiff is entitled to any of the relief sought therein, and Defendant denies that it is liable to Plaintiff to any extent whatsoever.

74. Defendant denies each and every allegation in the Amended Complaint that is not expressly admitted herein.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Some of Plaintiff's claims may be barred in whole or in part by the applicable statutes of limitations.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred in whole or in part because Plaintiff fails to state a claim upon which relief can be granted.

### THIRD AFFIRMATIVE DEFENSE

To the extent Plaintiff has failed to take reasonable steps to mitigate her alleged damages, her alleged damages that could have been avoided must be reduced.

### FOURTH AFFIRMATIVE DEFENSE

All the personnel actions about which Plaintiff complains were taken solely for legitimate, nondiscriminatory reasons and were in no way motivated by or based on unlawful

discriminatory or retaliatory animus.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff has not alleged any basis for the imposition of punitive damages in this case. Unless Plaintiff demonstrates Defendant's alleged liability for punitive damages and the appropriate amount of punitive damages by clear and convincing evidence, any award of punitive damages would violate various provisions of the United States Constitution and Tennessee law.

### SIXTH AFFIRMATIVE DEFENSE

To the extent Plaintiff seeks punitive damages from Defendant on Plaintiff's claims that are based on Tennessee law, those claims are barred because Defendant has not engaged in any wrongful action, omission, or discriminatory practice -- let alone any wrongful action, omission, or discriminatory practice "involving . . . the most egregious of wrongs" such that Plaintiff could meet her burden of proving by clear and convincing evidence that Defendant acted intentionally, fraudulently, maliciously, or recklessly as required for a recovery of punitive damages under the standard articulated in *Hodges v. S.C. Toof & Co.*, 833 S.W.2d 896, 901 (Tenn. 1992).

### SEVENTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims may be barred by Plaintiff's failure to exhaust administrative remedies.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of waiver, estoppel, and/or unclean hands.

## NINTH AFFIRMATIVE DEFENSE

The exclusive remedy for some of Plaintiff's claims is the Tennessee Workers' Compensation Statute.

WHEREFORE, having fully answered the Amended Complaint, Defendant prays that Plaintiff's Amended Complaint be dismissed in its entirety with prejudice, that judgment be entered in favor of Defendant and against Plaintiff on all counts of Plaintiff's Amended Complaint, that Defendant be awarded its costs and attorney's fees, and that Defendant be awarded such other and further relief as this Court deems just and proper.

Defendant requests that the largest jury permitted by applicable law be empanelled to hear this case.

Respectfully submitted,

/s  Lawrence S. Eastwood, Jr.
Lawrence S. Eastwood, Jr. (Tenn. BPR # 16071)
Benjamin H. Bodzy (Tenn. BPR # 23517)
Megan M. Sutton (Tenn. BPR # 29419)
Baker, Donelson, Bearman, Caldwell & Berkowitz
211 Commerce Street, Suite 800
Nashville, Tennessee 37201
(615) 726-5600

Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on December 11, 2012, a copy of the foregoing *Answer to Amended Complaint* was filed electronically. Notice of this filing will be served by operation of the Court's electronic filing system to counsel for parties below. Counsel for parties may access these filings through the Court's electronic filing system:

>Nina Parsley
>Michael Ponce & Associates, PLLC
>1000 Jackson Road, Suite 225
>Goodlettsville, Tennessee 370711

>/s  Lawrence S. Eastwood, Jr.
>Lawrence S. Eastwood, Jr.