IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| MARTHA AXLEY, | ) | |
| | ) | |
|    Plaintiff, | ) | |
| | ) | Case No. 3:12-cv-00951 |
| v. | ) | Judge Campbell |
| | ) | Magistrate Judge Knowles |
| GALLATIN HEALTH CARE CENTER, LLC, | ) | Jury Demand |
| | ) | |
|    Defendant. | ) | |

**INITIAL CASE MANAGEMENT ORDER**

In accordance with Federal Rule of Civil Procedure 26(f) and Local Rule 16.01, Plaintiff Martha Axley and Defendant Gallatin Health Care Center, LLC submit this proposed Initial Case Management Order.

1. **Jurisdiction.** This Court has original jurisdiction over this action under 28 U.S.C. § 1331 in that the Plaintiff's claims involve a federal question arising under an alleged violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e and the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 630. *See* Amend. Comp. ¶¶40, 44, 45, 51, 52, 61, and 67. This action was properly removed to this Court pursuant to 28 U.S.C. § 1441(b).

2. **Service of Process.** Service of process has been completed. Defendant does not dispute the sufficiency of service of process.

3. **Responsive Pleadings.** Responsive pleadings have been filed and served.

4. **Plaintiff's Theory of the Case.** The Plaintiff was hired by the Defendant on or about November 13, 2008 as a Certified Nurse Technician. The Plaintiff is a fifty year old Hispanic female from Nicaragua. The Plaintiff reported to management that she

was being discriminated against because of her age, and race.

The Hispanic workers were forced to work in the back. They were not allowed to communicate amongst themselves in Spanish. Plaintiff was made fun of because of her accent by co-workers and members in management. Barbara Town, a lead nurse administrator, also told the Plaintiff that she was "too old" to work the morning shift and double shifts. Ms. Town also questioned the Plaintiff's ability to do certain strenuous jobs because of Plaintiff's age.

In March of 2011, the Plaintiff posted a note in the employee's break room that a coat had been found and left her number so she could return the coat to its proper owner. The Plaintiff was informed on May 9, 2011 that she was terminated by the Defendant for allegedly stealing a coat/sweater from the premises. At that time, Sonya Kemp accused the Plaintiff of stealing, threatened her, fired her and then proceeded to call the police to have the Plaintiff escorted off the premises. Plaintiff submits that the proffered reason for her termination is merely pre-textual and that the true motive for her termination was illegal and improper.

5. **Defendant's Theory of the Case.** Defendant terminated Plaintiff's employment for legitimate, nondiscriminatory reasons effective May 9, 2011, after it confirmed that a coat belonging to one of Plaintiff's co-workers was in Plaintiff's car in the parking lot of the nursing home facility where Plaintiff worked for Defendant. When Sonya Kemp, who is the Administrator of the nursing home facility, called Plaintiff into her office and asked her if she had taken the missing coat, Plaintiff initially denied having it. Then, when Ms. Kemp asked Plaintiff whether she could go with her to her car to see if she would find the coat there, Plaintiff immediately changed her story and admitted

that she had the coat. Plaintiff then went out to her car, retrieved the missing coat, and brought it to Ms. Kemp. When Plaintiff returned with the coat, she told Ms. Kemp that she had taken it for her husband to use, and she claimed that she thought it did not belong to anyone, but this was a flimsy, transparent excuse that made no sense under the circumstances. Ms. Kemp decided to fire Plaintiff for stealing, effective May 9, 2011. This decision had nothing whatsoever to do with Plaintiff's race or age.

Defendant treated its Hispanic employees no differently from its white employees or from employees in any other racial group. Furthermore, Plaintiff never made any complaints of discrimination, harassment, or disparate treatment of Hispanic employees, so her allegation that she was somehow retaliated against for "reporting discriminatory actions against Hispanic workers" is demonstrably false.

Defendant requires workers at its nursing home facility to speak English in patient care areas and in the rooms of its English-speaking residents. Defendant strives to treat the residents' rooms as their homes. Defendant's philosophy is that it would be rude to enter someone's home and speak in a language that the resident could not understand. Furthermore, many of the residents at the facility are elderly, and they can become confused, offended, and even paranoid when employees enter their rooms and speak in a language they cannot understand. Often in such situations, residents assume that the employees are trying to talk negatively about them, and the residents and their families become upset and complain. Employees are free to converse in the employee break rooms or on their own time in any language they choose, but not in front of residents who cannot understand them. This rule is a matter of common courtesy and perfectly lawful.

Defendant denies all of Plaintiff's allegations that appear in her Complaint and her

Amended Complaints, including her allegations of disparate treatment, discrimination, harassment, and retaliation.

6. **Other Claims.** At this time, the parties are not aware of the need for any counterclaims, cross-claims, third-party claims, or joinder of additional parties or claims in this action. The deadline for filing Motions to Amend the Pleadings is March 11, 2013.

7. **Discovery.**

a. **Mandatory Initial Disclosures**. Parties must make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) by January 4, 2013.

b. **Written Discovery.** All written discovery requests shall be served by no later than April 30, 2013. Responses to written discovery shall be in accordance with the FRCP.

c. **Depositions.** Depositions of all fact witnesses are to be completed by May 31, 2013. Depositions of any expert witnesses and treating physicians disclosed by Plaintiff shall be completed by May 31, 2013. Depositions of any expert witnesses and treating physicians disclosed by Defendant shall be completed by July 12, 2013.

d. **Expert Disclosures.** Plaintiffs shall disclose any experts who will testify and provide information summarizing their testimony, in accordance with Rule 26 of the Federal Rules of Civil Procedure, to opposing counsel on or before May 1, 2013. Defendants shall disclose their experts who will testify and provide information summarizing their testimony, in accordance with Rule 26 of the Federal Rules of Civil Procedure, to opposing counsel on or before June 14, 2013.

e. **Discovery Limits.** Rule 9(a)(2) of the Local Rules of Court is expanded to allow 40 interrogatories, including sub-parts and successive sets. The parties have

considered other limitations on discovery and agree that no limitations on discovery should be made at this time beyond those that apply pursuant to the Federal Rules of Civil Procedure.

      f.    **Protective Orders.**  The parties will attempt to reach agreement on the language of a proposed protective order. If the parties are unable to reach agreement, then either party may seek a protective order or other discovery limitations in accordance with the Federal Rules of Civil Procedure.

      g.    **Discovery Disputes.**  No motions regarding discovery disputes shall be filed until after the parties have personally conferred in a good faith effort to resolve the dispute between themselves. Discovery-related motions regarding fact discovery are due on or before June 10, 2013.
.

      h.    **Rule 26(f) Conference.**  The Initial Case Management Conference shall serve as the parties' Rule 26(f) discovery conference.

      8.    **Settlement and Alternative Dispute Resolution.**  The parties believe that this case has the potential to be settled outside of court. The parties agree that the best time to consider alternative dispute resolution in the form of a possible nonbinding mediation will likely be after completion of written discovery and the deposition of the parties and fact witnesses, but before deposing experts and the filing of summary judgment motions. The parties will file a joint mediation report by <u>June 14, 2013</u>.

      9.    **Pretrial Motions.**  Briefs in support of pretrial motions shall not exceed 25 pages in length.
.

10.     **Dispositive Motions.**  All dispositive motions are to be filed by <u>July 12, 2013</u>.  Responses shall be filed by within 30 days of filing of the motion.  Replies shall be filed by within 10 business days of service of the response and shall not exceed 10 pages.

.

.

.

.

11.     **Proceeding Before Magistrate Judge.**  The parties respectfully decline the invitation to proceed before a magistrate judge.

12.     **Modification.**  This order may be modified pursuant to appropriate and applicable Rules.

13.  The Target trial date (jury) is December 3, 2013.

By signing below, this court approves the above stated Initial Case Management Order, with modifications, if any, and it is hereby made an order of this court.

ENTERED this _____ day of _____, 2012.

_____
E. Clifton Knowles
Magistrate Judge

APPROVED FOR ENTRY:


/s Nina Parsley_____
Nina Parsley (#23818)
Michael Ponce & Associates, PLLC
1000 Jackson Road, Suite 225
Goodlettsville, Tennessee 37072

Attorneys for Plaintiff



/s  Lawrence S. Eastwood, Jr._____
Lawrence S. Eastwood, Jr. (# 16071)
Benjamin H. Bodzy (Tenn. BPR # 23517)
Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C.
211 Commerce Street, Suite 1000
Nashville, Tennessee 37201
(615) 726-5600

Attorneys for Defendant